THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| Catrina Bragg,<br><br>　　　　　　　　Plaintiff,<br><br>vs.<br><br>Community Village, Inc.,<br>d/b/a/ Hartsfield Village,<br><br>　　　　　　　　Defendant. | <br><br><br><br><br><br><br><br>JURY TRIAL DEMANDED |

# COMPLAINT

Plaintiff, Catrina Bragg, by and through her attorney, Lisa M. Stauff, of the Law Offices of Lisa M. Stauff, complains of Defendant, Community Village, Inc., doing business as "Hartsfield Village," as follows:

## NATURE OF THE CASE

1. This is a two-count employment action alleging discrimination on the basis of race, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-2, and retaliation for protected activity, in violation of 42 U.S.C. §2000e-3(a).

## THE PARTIES

2. Plaintiff Catrina Bragg is a citizen of the United States and a resident of Cook County, Illinois. Ms. Bragg was an employee of Hartsfield Village in Munster, Indiana, at all times relevant to this Complaint, within the meanings of 42 U.S.C.S. § 2000e(f).

3. Defendant Community Village, Inc., transacts business under the assumed name "Hartsfield Village," in Munster, Indiana. Defendant is an employer within the meanings of 42 U.S.C.S. § 2000e(b).

## JURISDICTION AND VENUE

4. This Court has jurisdiction in this matter pursuant to 42 U.S.C.S. § 2000e(f).

5. Venue is proper under 28 U.S.C.S. §1391(b) because all of the unlawful employment practices alleged herein occurred in Lake County, Indiana, which is located within this Court's division of the U.S. District Court of the Northern District of Indiana.

6. Ms. Bragg filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), alleging unlawful discrimination on the basis of race, and retaliation for protected activity. *Attached as Exhibit A.*

7. On March 5, 2021, Ms. Bragg received a Notice of Right to Sue. *Attached as Exhibit B.*

## PLAINTIFF'S EMPLOYMENT WITH DEFENDANT

8. Defendant Community Village, Inc., transacting business under the assumed name "Hartsfield Village," is a continuing care retirement community providing independent living, assisted living, memory support, rehabilitation, and nursing care services.

9. On or about January 14, 2019, Plaintiff began working for Defendant as a full-time Registered Nurse.

10. On May 31, 2019, Plaintiff filed suit under Title VII of the Civil Rights Act of 1964, as amended, against Plaintiff's former employer, Community Hospital, a sister-entity of Defendant in the Community Healthcare System of Northwest Indiana.[1]

11. On September 9, 2020, Defendant terminated Plaintiff's employment.

12. The stated reason for Plaintiff's termination was Plaintiff's alleged mishandling of patient records while employed at Community Hospital.

13. The purported rule violation regarding patient records became known to Community Hospital on February 6, 2020, when Plaintiff, through counsel, produced documents to Community Hospital in response to routine discovery requests.

14. Six months later, after discovery closed, Community Hospital suddenly saw fit to investigate Plaintiff's handling of patient records for a potential HIPAA patient privacy violation, which became known to Community Hospital through the aforementioned litigation between Plaintiff and Community Hospital.

15. On September 9, 2020, Defendant Hartsfield Village fired Plaintiff for allegedly mishandling patient records and allegedly violating HIPPA patient privacy rules while employed at Community Hospital.

---

[1] *Bragg v. Munster Medical Res. Fdn., d/b/a Community Hospital,* U.S. District Court, Northern District of Indiana, 2:19-CV-JTM-JPK (filed May 31, 2019).

16. At the time of Plaintiff's termination, Defendant's representative told Plaintiff that Plaintiff's termination was unrelated to Plaintiff's job performance at Hartsfield Village.

17. As a result of Plaintiff's termination, Plaintiff suffered lost wages and benefits, and suffered emotional stress, humiliation, embarrassment, and incurred other damages.

### COUNT I: Discrimination on the Basis of Race, in violation of Title VII of the Civil Rights Act of 1964, as amended

18. Plaintiff's race is African American.

19. Plaintiff performed her job duties at or above her employer's reasonable expectations at the time of her termination.

20. Plaintiff suffered an adverse employment action when Defendant terminated Plaintiff's employment.

21. Plaintiff's former colleagues who were not African American, who took the same actions as Plaintiff with regard to patient records, received more favorable treatment than Plaintiff.

22. Defendant's stated reason for termination—violation of HIPAA patient privacy rules—was pretext for unlawful discrimination on the basis of race.

23. As a result of Defendant's unlawful discrimination on the basis of race, Plaintiff suffered damages.

WHEREFORE, Plaintiff prays this Court grant judgment in her favor, and for the Court to:
    a. Grant her such relief as is appropriate under the provisions of Title VII of the Civil Rights Act of 1964, as amended;

    b. Issue an injunction to permanently restrain and enjoin defendant and its agents, employees, and administrators from discriminating against Plaintiff and any other employee who is black or a person of color;

    c. Make her whole for the damages and financial losses suffered, including punitive and compensatory damages;

    d. Award all costs and attorney's fees incurred in the bringing of this action; and

    e. Award any other relief as is fair and equitable.

### COUNT II: Retaliation for Protected Activity, in violation of Title VII of the Civil Rights Act of 1964, as amended

24. Plaintiff restates and reincorporates paragraphs 1 through 17.

25. Plaintiff performed her job duties at or above her employer's reasonable expectations at the time of her termination.

26. Plaintiff engaged in protected activity under Title VII by bringing suit against Community Hospital on May 31, 2019, alleging discrimination and retaliation in violation of Title VII.

27. Hartsfield Village retaliated against Plaintiff by terminating Plaintiff's employment for allegedly violating rules governing the handling of patient records while Plaintiff was employed at Community Hospital, a sister-entity of Hartsfield Village with which Hartsfield Village shares a Human Resources department.

28. But for Plaintiff's protected activity, Plaintiff would not have been fired for her actions.

29. Others who engaged in the same patient records practices, who did not engage in protected activity under Title VII of the Civil Rights Act of 1964, as amended, were not terminated from their employment.

**WHEREFORE,** Plaintiff prays that this Court grant judgment in her favor, and against Defendant, on Count II, and specifically:

a. Grant her such relief as is appropriate under the anti-retaliation provisions of Title VII of the Civil Rights Act, 42 U.S.C. §2000e-3(a);

b. Issue an injunction to permanently restrain and enjoin defendant and its agents, employees, and administrators from retaliating against Plaintiff and any other employee who participates in any way in an EEOC investigation and/or may have information that supports another employee in a claim of unlawful employment discrimination;

c. Make Plaintiff whole for the damages and financial losses suffered, including punitive and compensatory damages;

d. Award all costs and attorney's fees incurred in the bringing of this action; and

e. Award any other relief as is fair and equitable.

## JURY DEMAND

30. Plaintiff requests a trial by jury on all counts of this complaint.

Respectfully submitted,<br>
Catrina Bragg,<br>
Plaintiff,<br>
<br>
By: _____

6

Plaintiff's Counsel

Lisa M. Stauff
Law Offices of Lisa M. Stauff
53 W. Jackson Blvd., Suite 624
Chicago, Illinois 60604
(312) 212-1036
LStauff@StauffLaw.com